UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

In re:

LISA M. MCCONAGHY                        BK No. 18-10155
        Debtor(s)                        Chapter 13

## ORDER CONFIRMING CHAPTER 13 PLAN

The Debtor(s) filed a Chapter 13 Plan (The "Plan") on February 8, 2018. Debtor(s) filed a Certificate of Service on February 8, 2018, reflecting that the Plan and any applicable motions were served on all creditors and parties-in-interest. No objections to the confirmation of the plan or motions were filed, or all objections were overruled by the Court or resolved by the parties as set forth in the summary and disbursements and addendum attached hereto and incorporated herein. Upon consideration of the foregoing, the Court hereby orders the following:

1.   The Plan is confirmed.  The term of the Plan is 60 months.

2.   The motion to modify the second mortgage secured claim of OneMain Consumer Loan, Inc. is granted. Notwithstanding anything in the confirmed Chapter 13 Plan to the contrary, the proposed strip-off or modification of the home equity line of credit in favor of OneMain Consumer Loan, Inc. on the Debtor's property at 273 Knollwood Avenue, Cranston, Rhode Island shall not be effective unless and until a discharge has been entered on the Bankruptcy Court's Docket in the Chapter 13 case.

3.   The motion to avoid the lien of Wells Fargo Bank, N.A. recorded at Book 4243, Page 276 in the Office of Land Records in the City of Cranston is granted.

4.   The motion to assume or reject lease N/A

5.   The employer of the Debtor, Cranston School Department, Attn: Payroll Department, 845 Park Avenue, Cranston, RI

02910, shall deduct from the wages of the Debtor and forward to the Office of the Standing Chapter 13 Trustee, P.O. Box 2561, Providence, Rhode Island 02906, the sum of $395.00 per month for 58 months.

6.   The Debtor shall turn over all federal income tax refunds received during the term of the plan to the Trustee.

7.   The effective date of confirmation of the Plan is April 11, 2018.

8.   The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed Plan are set forth on the attached summary which is incorporated herein by reference.

9.   Unless otherwise ordered by the Court, all property of the estate as defined in 11 U.S.C. §§ 541 and 1306, including, but not limited to any appreciation in the value of real property owned by the Debtor(s) as of the commencement of the case, shall remain property of the estate during the term of the Plan and shall vest in the Debtor(s) only upon closing of the case.  All property of the estate shall remain within the exclusive jurisdiction of the Bankruptcy Court.

10.  The Debtor(s) shall not transfer, sell, encumber, or otherwise alienate property of the estate other than in accordance with the confirmed Plan or other order of the Bankruptcy Court.  The Debtor shall be responsible for preserving and protecting all property of the estate.

11.  The Court may, from time to time during the period of the Plan, increase or reduce the amount of the payments provided by the Plan, where it shall be made to appear at a hearing upon such notice as the Court may designate, that the circumstances so warrant or so require.

12.  The Debtor shall inform the Trustee of any increase he/she receives in salary or in income.

13.  The Trustee shall pay the remaining balance due to any creditor when that balance due is $25.00 or less.

14.  Under 11 U.S.C. § 1325(a)(8) and § 1328(a), if the Debtor owes domestic support obligations, whether owed at the time of filing or incurred during the pendency of the bankruptcy case, the Debtor must file a certification with the Chapter

13 Trustee stating that all such payments due under the plan have been paid before a discharge order may enter.

15. Upon completion of the plan, discharge shall enter unless: (a) after motion and hearing the Court determines that the Debtor is not entitled to one pursuant to 11 U.S.C. § 1328(h), or; (b) the Debtor is otherwise not entitled to one pursuant to 11 U.S.C. § 1328.

16. The plan meets all of the requirements set forth in 11 U.S.C. § 1325(a).

17. This order is effective for the plan confirmed on April 11, 2018 as well as any amended plan approved by the Court, post confirmation, upon the entry of an order granting a Motion to Approve a post confirmation plan, unless a new order is deemed necessary.


_Diane Finkle_

Diane Finkle
U.S. Bankruptcy Judge


<u>CERTIFICATION</u>

I hereby certify that a copy of the within Order Confirming Chapter 13 Plan was mailed, postage prepaid, to Ms. Lisa M. McConaghy, 273 Knollwood Avenue, Cranston, RI 02910 and electronically mailed to John S. Simonian, Esq. at jslaw@cox.net on April 16, 2018.

/s/ Theresa S. French

In re:   LISA M. MCCONAGHY                    BK No. 18-10155

<u>SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN</u>

All disbursements set out below and in this Order Confirming
Plan will be made only upon the filing of a proof of claim duly
proved and allowed by the Court.

A.  DOMESTIC SUPPORT OBLIGATION CLAIMS

    None

B.  ADMINISTRATIVE CLAIMS

    Attorney's fees due to John S. Simonian, Esq. in the amount
    of $3,000.00 shall be paid first.

C.  PRIORITY CLAIMS

    None

D.  SECURED CLAIMS

    Seterus, Inc. will be paid its pre-petition mortgage
    arrearage in the amount of $13,265.46 as set out in claim no.
    10-1 filed April 11, 2018 next.

    The Debtor shall also be responsible for the ongoing monthly
    mortgage payments due to Seterus, Inc. outside the Plan.

E.  UNSECURED CLAIMS

    All unsecured creditors shall receive not less than 4% of the
    amount of their claims duly proved and allowed by the Court.

F.  OTHER PERTINENT PROVISIONS

    None

In re:  LISA M. MCCONAGHY                    BK No. 18-10155

<u>ADDENDUM</u>

The Plan as filed has been modified by the terms of this Order
as follows:

**Part 2.C.**

The Debtor shall turn over all federal income tax refunds
received during the term of the plan to the Trustee.

**Part 3.A.1.a.**

The pre-petition arrearage to be paid to Seterus, Inc. is
changed from $16,000.00 to $13,265.46 as set out in claim no.
10-1 filed April 11, 2018.

**Part 5.E.**

The amount to be paid to unsecured creditors is changed from a
pro rata distribution of $2,330.00 to not less than 4% of the
amount of the claims duly proved and allowed by the Court.